


$350

Joseph A. Mullaney, III, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA 19063
Tel 610-616-5303
Fax 610-672-1944
Eml JMullaney@ConsumerLitigators.com

Pursuant to Local Civil Rule 53.2(3)(c)(2), this case is subject to non-binding arbitration.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADFORD P. BILLINGS, a citizen of Pennsylvania, <br><br> Plaintiff, <br><br> v. <br><br> MANN BRACKEN LLP, a Delaware Limited Liability Partnership, <br><br> and <br><br> CONNELL ANDREW LOFTUS, in his individual capacity and as General Partner for Mann Bracken LLP, <br><br> and <br><br> JOHN DOES I – X, in their individual capacities, and as agents for Mann Bracken LLP, <br><br> Defendants. | DOCKET NO.: 09  6155 <br><br> **CIVIL ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br>  |

**PARTIES**

1. Plaintiff is a citizen and resident of Pennsylvania.

2. Defendant MANN BRACKEN LLP, a Delaware Limited Liability Partnership ("Mann Bracken"), is an artificial person and regularly conducts business in Pennsylvania and is principally located at 702 King Farm Boulevard, Rockville, MD 20850.

3. Defendant CONNELL ANDREW LOFTUS ("Loftus"), in his individual capacity and as General Partner for Mann Bracken LLP, is a natural person and regularly conducts business in Pennsylvania and, upon information and belief, resides at 3800 Mode Street, Fairfax, VA 22031.

4. Defendants JOHN DOES I – X ("John Does"), in their individual capacities, and as agents for Mann Bracken LLP, are natural persons and regularly conduct business in Pennsylvania.

5. Defendants Mann Bracken, Loftus, and John Does are agents of each other and, therefore, are jointly and severally liable for the law violations and damages described in this Complaint

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

7. Personal jurisdiction is proper pursuant to 42 Pa. C.S.A. § 5322.

8. Venue in the United States District Court for Eastern District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391(b) because the acts and

omissions complained of in this Complaint occurred in the County of Chester in the Commonwealth of Pennsylvania and/or because the Defendants conduct business within the County of Chester.

## FACTUAL ALLEGATIONS

9. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

10. Upon information and belief, on or before June 16, 2009, GE Capital Financial Inc. ("GE Capital") hired the Defendants to collect an alleged consumer credit card account Plaintiff allegedly owed.

11. On or about June 16, 2009, Defendants mailed to Plaintiff a letter demanding payment of the alleged consumer credit card account.

12. Plaintiff denies owing any money to GE Capital and disputes the alleged debt.

13. On or about July 8, 2009, Plaintiff mailed to Defendants a written dispute and demanding validation and verification of the alleged debt.

14. Upon information and belief, on or about August 19, 2009, Defendants filed a state-court lawsuit against Plaintiff in the Court of Common Pleas for Chester County, Pennsylvania.

15. Upon information and belief, Defendants did not send to Plaintiff validation and verification of the alleged debt prior to filing the August 19, 2009 state-court lawsuit.

16. On or about August 24, 2009, Defendants attempted to provide validation and verification of the alleged debt, but by then, Defendants had already continued debt collection with the filing of the August 19, 2009 state-court lawsuit.

17. Upon information and belief, the validation and verification provided by the Defendants demonstrated that a "GE Money Bank" was the alleged creditor and not the "GE Capital Financial Inc." Defendants asserted.

18. On or about September 28, 2009, Defendants knew or should have known that Plaintiff was represented by an attorney regarding the alleged debt and the state-court lawsuit.

19. On or about September 29, 2009, Plaintiff filed his response to the state-court lawsuit preventing the entry of a default judgment.

20. On or about October 1, 2009, four days after Defendants knew or should have known that Plaintiff was represented by an attorney, Defendants mailed to Plaintiff a letter threatening Plaintiff with a default judgment.

21. Said letter misrepresented the alleged debt by claiming Defendants were entitled to a judgment when they were not.

22. As a result of Defendants' failure to validate and verify the alleged debt prior to filing the state-court lawsuit, communication with the Plaintiff knowing he was represented, and threatening a judgment that could not be entered, Plaintiff sustained damages including, *inter alia*, severe stress, humiliation, and fear.

## COUNT ONE
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

23. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is alleged to have owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. § 1692a(5).

25. Defendants are regularly engaged in the third-party collection of consumer debts and engaged in "communication[s]" as defined 15 U.S.C. § 1692a(2) and are "debt collector[s]" as defined 15 U.S.C. § 1692a(6).

26. The Defendants violated 15 U.S.C. § 1692, *et seq.*

27. Without the prior consent of the Plaintiff, the Defendants communicated with the Plaintiff in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692c(a)(2).

28. The Defendants used false, deceptive, and misleading representations or means in connection with the collection of the alleged debt by stating a

judgment could be entered when it could not in violation of 15 U.S.C. § 1692e(2)(A).

29. The Defendants used false, deceptive, and misleading representations or means in connection with the collection of the alleged debt by stating a judgment could be entered when it could not in violation of 15 U.S.C. § 1692e(5).

30. The Defendants used false, deceptive, and misleading representations or means in connection with the collection of the alleged debt by stating a judgment could be entered when it could not in violation of 15 U.S.C. § 1692e(10).

31. Within five days after the initial communication with Plaintiff in connection with the collection of the alleged debt, the Defendants failed to send the Plaintiff a written notice containing the correct name of the creditor in violation of 15 U.S.C. § 1692g(a)(2).

32. By filing a state-court lawsuit after Plaintiff requested in writing verification of the alleged debt, Defendants violated 15 U.S.C. § 1692g(b) by continuing collection activity after verification was requested.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, statutory damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

**Plaintiff demands a trial by jury.** *JAM5995*

> BY: s/Joseph A. Mullaney, III
> Joseph A. Mullaney, III, Esq.
> **CONSUMER LITIGATION GROUP**
> Law Office of Dimitrios Kolovos, LLC
> 211 West State Street, Suite 204
> Media, PA 19063
> Tel 610-616-5303
> Fax 610-672-1944
> Eml JMullaney@ConsumerLitigators.com